O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTTY WILDER,<br><br>          Petitioner,<br><br>     vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Respondent. | CASE NO.  ED CV 13-1234 DDP (RZ)<br><br>ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |

        The Court will dismiss the action summarily because Petitioner expressly indicates that his sole claim has not undergone the required state-court exhaustion. *See generally* 28 U.S.C. § 2254(b)**.**

        Generally, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." More specifically, the Ninth Circuit indicates that a district court presented with an entirely unexhausted petition may, or even must, dismiss the action. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to

1  exhaust."), *citing Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (district court is
2  "obliged to dismiss [an entirely unexhausted petition] immediately" once respondent
3  moves for such dismissal).
4         Here, Petitioner asserts one claim.  He admits that he not submitted it to the
5  California Supreme Court.  Pet. ¶¶ 8(a)(2)-(4).  A *Raspberry* dismissal is in order.
6         Accordingly, the Petition is DISMISSED WITHOUT PREJUDICE.

8  DATED: July 30, 2013

                                         DEAN D. PREGERSON
                                UNITED STATES DISTRICT JUDGE